THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL KESLOSKY,

    Plaintiff

v.

BOROUGH OF OLD FORGE, et al.,    3:08-CV-1240
                                      (JUDGE MARIANI)
    Defendants

v.

MUNICIPAL POLICE OFFICERS
EDUCATION AND TRAINING
COMMISSION,

    Third-Party Defendant

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant James Peperno's Motion for Summary Judgment (Doc. 108). Old Forge Borough Defendants (collectively hereinafter "Old Forge")[1] and Third-Party Defendant Municipal Police Officers' Education and Training Commission ("MPOETC") also moved for summary judgment (Docs. 101, 104). The Court will address Old Forge and MPOETC's motions in separate opinions. The issues have been fully briefed and the parties have submitted extensive documentary evidence in support of their

---

[1] The Old Forge Defendants consist of the Borough of Old Forge; former Borough of Old Forge Chief of Police Lawrence Semenza; former Mayor of the Borough of Old Forge Anthony Torquato, Jr.; Borough of Old Forge Council members David Scamato, Alan Heyen, and Shirley Helbing; and James Minella, Chairman of the Old Forge Civil Service Commission. (Doc. 104; Doc. 35, ¶¶ 9-11, 13-15, 17).

respective positions. For the reasons that follow, the Court will grant Peperno's motion for summary judgment.

## II. PROCEDURAL HISTORY

Plaintiff, Michael Keslosky, filed his Complaint (Doc. 1) with this Court on June 30, 2008. On December 29, 2008, he filed an Amended Complaint (Doc. 35) against Defendants Borough of Old Forge, Borough of Old Forge Council, Borough of Old Forge Police Department, Old Forge Borough Police Officers' Association, Old Forge Civil Service Commission, Lawrence Semenza, Anthony Torquato, Jr., David Scarnato, Alan Heyen, Shirley Helbing, James Peperno, Jr., and James Minella. The Amended Complaint set forth nine counts: Count I, against all defendants, asserted a violation of Plaintiff's constitutional right to due process in the form of pre- and post-deprivation hearings; Count II, against all defendants, asserted a First Amendment retaliation claim; Count III, against all defendants, for violation of 42 U.S.C. § 1983; Count IV, against all defendants, for violation of the Uniformed Services Employment & Re-employment Rights of Members ("USERRA") under 38 U.S.C. § 4301, *et seq.*; Count V, against all defendants, for violation of Pennsylvania Department of Military and Veterans Affairs Act ("PMAA") under 51 P.S. § 7101, *et seq.*; Count VI, against Borough of Old Forge and Old Forge Borough Police Department, for violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955(a), specifically, discrimination on account of national origin/ancestry; Count VII, against Borough of Old Forge and Old Forge Borough Police Department, for violation of the PHRA, 43 P.S. §

2

955(a), specifically, discrimination on account of religion; Count VIII, against Borough of Old Forge and Old Forge Borough Police Department, for violation of the PHRA, 43 P.S. § 955(d), specifically, retaliation; and Count IX, against the Borough of Old Forge and Old Forge Borough Police Department, for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Doc. 35).

Judge Munley addressed Defendants' Motions to Dismiss (Docs. 18, 26) by dismissing: (1) Plaintiff's procedural due process claims, including Count I in its entirety; (2) all claims against individual defendants in their official capacities; (3) Defendants Borough of Old Forge Council, Borough of Old Forge Police Department, and Borough of Old Forge Civil Service Commission; and (4) the claim for punitive damages against the Borough of Old Forge. Judge Munley denied the motions to dismiss in all other respects. (Doc. 38).

In May 2012, following the completion of discovery, the remaining defendants filed motions for summary judgment. (Docs. 101, 104, 106, 108).

On March 5, 2013, this Court issued an Order staying the case pending the resolution of Plaintiff's appeal to the Pennsylvania Commonwealth Court of the Old Forge Borough Council's decision on June 15, 2005 to suspend Plaintiff without pay or benefits until he obtained a current Municipal Police Officers Education and Training Commission certification. (Doc. 159). On July 23, 2013, the Commonwealth Court issued its Opinion in the matter of *Keslosky v. Old Forge Civil Serv. Comm'n and Old Forge Borough*, 73 A.3d 665 (Pa. Commw. Ct. 2013), affirming the decision of the Court of Common Pleas of

Lackawanna County, which had previously denied Plaintiff's Petition for Review of the Old Forge Civil Service Commission's decision affirming Plaintiff's suspension. (Doc. 157, Ex. 2; Doc. 160).

Plaintiff's case was re-opened by this Court on October 8, 2013, and upon the request of both Old Forge and Keslosky (Doc. 160), the Court held oral argument on Defendants' motions for summary judgment. During oral arguments, with the consent of Plaintiff, the Court dismissed the Old Forge Borough Police Officers' Association with respect to all causes of action in the case. (Unoff. Tr., at 52-53, 71).

On April 29, 2014, the Pennsylvania Supreme Court denied Keslosky's Petition for Allowance of Appeal from the Order of the Commonwealth Court. (*See* Doc. 165).

### III. STATEMENT OF UNDISPUTED FACTS

Defendant Peperno adopted, in total, the Statement of Material Facts filed by Defendants Old Forge (Doc. 105). (Doc. 110). We therefore herein incorporate the statement of undisputed facts found in the Court's Memorandum Opinion granting in part and denying in part Old Forge Defendants' motion for summary judgment. In addition to the aforementioned statement of undisputed facts and the Commonwealth Court's findings, which are entitled to collateral estoppel such as to limit the scope of this Court's identification of disputed triable issues of fact,[2] it is undisputed that Peperno was the

---

[2] Our determination that we are collaterally estopped from departing from the findings affirmed by the Pennsylvania Commonwealth Court is discussed in the Court's Memorandum Opinion granting in part and denying in part Old Forge Defendants' motion for summary judgment.

4

Chairman of a committee that was put together to assist the Borough Council with regard to Old Forge Pension Funds. (Doc. 105, ¶ 256).

## IV. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. Rather, the opposing party must point to a factual

dispute requiring trial and the district court "may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030-1031 (9th Cir. 2001); *see also Forsyth v. Barr*, 19 F.3d 1527 1527, 1537 (5th Cir. 1994). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L Ed.2d 659 (1993).

## V. ANALYSIS

Preliminarily, we note that while Plaintiff's Amended Complaint alleges claims against Peperno in Counts I, II, III, IV, and V (*see* Doc. 35), in Plaintiff's brief in opposition to Peperno's motion for summary judgment, Plaintiff admits he now makes no claim against Peperno in Counts IV and V (Doc. 141, at 4). Therefore, and in light of Judge Munley prior dismissal of Count I, Plaintiff's only remaining claims against Peperno are Count II (First Amendment Retaliation) and Count III (42 U.S.C. § 1983).

### A. Count II – First Amendment Retaliation

Count II of Plaintiff's Amended Complaint alleges a violation of Keslosky's First Amendment right to freedom of speech and association. (Doc. 35).

Plaintiff's brief in opposition to Defendants Old Forge's motion for summary judgment states:

> The Plaintiff continually complained in public forums that the Defendant Peperno was mishandling the Police Pension Funds. The Defendant, Peperno, used his influence with the members of Council, the Mayor, the Chief of Police, and police officers that were members of the Police Officers' Association and the Police Pension Fund, to have the Plaintiff removed from his employment as a police officer in the Borough of Old Forge. And, the Defendant, Peperno, was a consultant to the Old Forge Police Officers' Association, and in order to assist the Defendant, Semenza, with becoming Chief of Police, orchestrated a buyout of the former Police Chief [Avvisato] as well as the Captain [Biancardi] clearing the way for Semenza to become the Officer in Charge and then Chief of Police.

(Doc. 140, at 10). Peperno was removed from the Police Pension Board on January 17, 2006. (Old Forge Borough Council, Minutes of Public Meeting, Jan. 17, 2006, Doc. 133, Ex. A). To the extent that Plaintiff's First Amendment claim against Peperno rests on Plaintiff's purported protected speech with respect to Peperno's "mishandling" of Police Pension Funds, Plaintiff does not provide any dates, or even time frame, for such comments, nor the specific content of his statements. Keslosky's claims of retaliation for protected speech as stated above are based on events that occurred before Peperno's removal from the Police Pension Board in January 2006. Further, and in any event, there is no dispute of fact that Plaintiff's suspension by the Old Forge Borough occurred in June 2005, and this Court has found that, as a matter of law, the suspension was the last act taken against Plaintiff which could provide a basis for his claims. Additionally, Plaintiff puts forth no record evidence demonstrating a causal connection between any protected speech he may have engaged in and Peperno's actions or how Peperno's actions were directed at causing, or in fact caused, Plaintiff's removal from employment.

Thus, on the record evidence, Plaintiff's claims are barred by the applicable statute of limitations. As extensively discussed with respect to Count III (42 U.S.C. § 1983) in the Court's Memorandum Opinion granting in part and denying in part Old Forge Defendants' motion for summary judgment, Keslosky's constitutional claims are subject to a two-year statute of limitations. Here, Plaintiff is well-outside the requisite time period. Peperno was no longer a member of the Police Pension Board after January, 2006. To the extent that Plaintiff's argument relies on Peperno's purported "orchestration of buy-outs" in favor of Semenza, Semenza was voted Officer in Charge in approximately January or February of 2005 (Dep. of Lawrence Semenza, at 51-52), and was appointed Chief of Police on June 15, 2005 (Notes of Special Meeting of June 15, 2005, Doc. 105, Ex. 54). Both Chief Avvisato and Captain Biancardi left the police force in January or February of 2005. (Dep. of Frank Avvisato, Doc. 148, Ex. 23, at 6; Dep. of Frank Biancardi, Doc. 149, Ex. 25, at 7). Any alleged retaliatory actions occurring prior to June 30, 2006 as a result of any protected speech that Keslosky may have engaged in are time-barred, and Plaintiff offers no evidence of retaliatory actions on the part of any Defendant, including Peperno, after Keslosky's suspension in June, 2005, thereby also precluding him from asserting a continuing violation argument as a basis for extending the statute of limitations past 2005.[3] Nor has Plaintiff come forward with evidence showing an issue of fact as to how the "buy-outs" of former

---

[3] The reasons that Plaintiff's arguments with respect to a continuing violation fail are mentioned in Section V(B) as well as in detail in the Court's Memorandum Opinion granting in part and denying in part Old Forge Defendants' motion for summary judgment.

Chief Avvisato and Captain Biancardi were in any way actions that violated Keslosky's constitutional rights.

Therefore, the reasons that prompted our entry of summary judgment in favor of the Old Forge Defendants apply with equal force here and require an identical determination with respect to Peperno. Keslosky's inability to identify many of the dates on which he claims to have exercised his First Amendment rights as well as his offering of dates in other instances which place his speech, and any claim of retaliation therein, outside the statute of limitations requires the entry of summary judgment. Given Peperno's removal from the Pension Board in January, 2006, all actions taken by him necessarily occurred more than three years prior to the filing of Plaintiff's original complaint with this Court. Therefore, Plaintiff's First Amendment claims are time-barred and summary judgment will be granted in favor of Peperno on Count II.[4]

## B. Count III - 42 U.S.C. § 1983

In Count III, Plaintiff brings a 42 U.S.C. § 1983 claim against all defendants. Keslosky states that his § 1983 claims "arise from the Borough's continuing actions to deny the Plaintiff his updates and training for police certification" due to Plaintiff's prior lawsuits

---

[4] In view of our determination that Plaintiff's claims are time-barred, we do not reach the question of whether Keslosky spoke in public fora concerning the pension board issues of which he complains and, if so, whether such speech would be protected speech on a matter of public concern or, instead, speech generated by Keslosky's status as a complaining employee of the Borough. (See Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 164 L. Ed. 2d 689 (2006)). Moreover, even if the Court were to attempt to engage in this analysis as a necessary component of its decision, it would be unable to do so because of Keslosky's inability or unwillingness to do anything more than make the most generalized and obfuscating arguments, which are not accompanied by references to any specific facts in a voluminous record.

against the Borough, speaking out in public forums against the Police Department and Council members, and "[standing] in the way of Semenza becoming Chief." (Doc. 140, at 18).

Again, on review of the record evidence, Plaintiff relies on unsubstantiated arguments and fails to come forward with evidence showing an issue for trial that any actions taken by Peperno or statements made by Peperno relate to Keslosky's claims of First Amendment retaliation or his failure to regain his police officer certification through compliance with MPOETC's requirements.

To succeed on a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate the violation of a right protected by the Constitution or laws of the United States, committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000)(en banc). Section 1983 is not in itself a source of substantive rights, instead providing a remedy for violations of rights protected by other federal statutes or by the U.S. Constitution. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L. Ed.2d 791 (1985). Therefore, in evaluating a § 1983 claim, a Court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Id.* (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5, 118 S.Ct. 1708, 140 L. Ed. 1043 (1998)). As applied in a case such as the one currently before this Court, other than Plaintiff's First Amendment claim against

Peperno under § 1983, we cannot discern any other claim under § 1983 which may be said to have been alleged by Keslosky against Peperno.

Even assuming Plaintiff is bringing another claim under § 1983, other than one based on the First Amendment, all of Plaintiff's claims under § 1983 are barred by the statute of limitations. Under Pennsylvania law "the appropriate limitation period for § 1983 actions . . . is the two-year limitation provided by 42 Pa.Cons.Stat.Ann. § 5524." *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985). This statute of limitations begins to run when the plaintiff's cause of action accrues, to wit, "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury." *Oschiver v. Levin, Fishbine, Sedran & Berman*, 38 F.3d 1380, 1385-1386 (3d Cir. 1994).

In response to Peperno's motion for summary judgment, Plaintiff incorporates the arguments made in his brief in opposition to Old Forge Defendants' motion for summary judgment. (Doc. 141, at 2). In light of this incorporation, and the Court's extensive analysis, and rejection, of Plaintiff's arguments with respect to when the statute of limitations began to run in our Memorandum Opinion granting in part and denying in part Old Forge Defendants' motion for summary judgment, we need not re-iterate our reasoning. Any actions taken by Peperno to aid Semenza in becoming Officer in Charge and then Chief of Police, "orchestrating" disability "buy-outs" for Avvisato, Biancardi, and Bossi, or to have Keslosky suspended, all occurred no later than June, 2005. Even if Plaintiff disputes this fact, there is

no contention that Peperno took any action after his removal from the Police Pension Board in January, 2006.

Ultimately, all of Plaintiff's claims stem from actions taken by Peperno prior to Plaintiff's June 15, 2005 suspension. Thus, the actions and events giving rise to Plaintiff's claims occurred more than three years prior to the filing of his Complaint with this Court. As a result, Plaintiff is outside the requisite two year statute-of-limitations, cannot assert any continuing violation after June 2005, and is time-barred from bringing a § 1983 claim.[5]

Summary judgment therefore must be entered in favor of Defendant Peperno on Plaintiff's § 1983 claims.

## VI. CONCLUSION

For all of the foregoing reasons, the Court will grant James Peperno's motion for summary judgment. (Doc. 108). A separate Order follows.

Robert D. Mariani
United States District Judge

---

[5] Even if Plaintiff was not time-barred, Keslosky fails to demonstrate an issue of material fact showing how any of Peperno's actions in Counts II and III, and in particular, Peperno's representation of the Old Forge Borough Police Officers' Association and Semenza, Biancardi and Bossi, make Peperno a state actor. Plaintiff admits that Peperno was hired by the Police Officers' Association to negotiate with the Borough, that he was also hired by the Association to represent Avvisato, Biancardi, and Bossi in their disability buyouts with the Borough, and that he was paid by the Association and the aforementioned individuals for these services. (Doc. 141, at 2-3). This undercuts any suggestion that, when Peperno was engaged in the actions that Keslosky alleges violated his § 1983 rights, Peperno was acting on behalf of the Old Forge Borough, thereby not making him a state actor. To the extent that Peperno may be considered a state actor in his capacity as a member of the Police Pension Board, an arm of the Borough of Old Forge, Keslosky does not create an issue of material fact that any actions taken by Peperno on behalf of the Borough were related to, or violated, any of Keslosky's protected rights under § 1983.