# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL KESLOSKY, | : | |
|     Plaintiff | : | |
| v. | : | |
| BOROUGH OF OLD FORGE, et al., | : | 3:08-CV-1240 |
| | : | (JUDGE MARIANI) |
|     Defendants | : | |
| v. | : | |
| MUNICIPAL POLICE OFFICERS EDUCATION AND TRAINING COMMISSION, | : | |
|     Third-Party Defendant | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a motion for summary judgment by third-party defendant, the Municipal Police Officers Education and Training Commission ("MPOETC"). (Doc. 101). Defendants Old Forge[1] and James Peperno also moved for summary judgment (Docs. 104, 108). The Court will address Old Forge and Peperno's motions in separate opinions. The issues have been fully briefed and it is ripe for decision. For the reasons that follow, the Court will grant MPOETC's motion for summary judgment.

---

[1] The Old Forge Defendants consist of the Borough of Old Forge; former Borough of Old Forge Chief of Police Lawrence Semenza; former Mayor of the Borough of Old Forge Anthony Torquato, Jr.; Borough of Old Forge Council members David Scamato, Alan Heyen, and Shirley Helbing; and James Minella, Chairman of the Old Forge Civil Service Commission. (Doc. 104; Doc. 35, ¶¶ 9-11, 13-15, 17).

## II. PROCEDURAL HISTORY

On October 22, 2009, original defendant Old Forge Borough filed a joinder complaint against MPOETC (Doc. 52), subsequent to an action filed against the Borough and eleven other defendants, by Plaintiff Michael Keslosky, on June 30, 2008 (Docs. 1, 35). Old Forge Borough brought one count against MPOETC, arguing that "[i]f the allegations in Plaintiff's [Keslosky] Amended Complaint are true and correct, . . . and plaintiff sustained the damages as set forth in his Complaint, and Defendant, Old Forge Borough is found liable to Plaintiff," then (1) "said damages were caused and contributed to by the acts and omissions of Additional Defendant, [MPOETC]"; (2) the Borough of Old Forge "is entitled to contribution and/or indemnity from Additional Defendant [MPOETC]"; and (3) MPOETC "shall immediately certify Plaintiff as a police officer in the Commonwealth of Pennsylvania in order that he may be employed as such by the Borough of Old Forge." (Doc. 52, ¶¶ 19-21).

In May 2012, following the completion of discovery, the only parties remaining in the case, the Old Forge Defendants, Old Forge Borough Police Officers' Association, James Peperno, and MPOETC each filed Motions for Summary Judgment. (Docs. 101, 104, 106, 108).

On March 5, 2013, this Court issued an Order staying the case pending the resolution of Keslosky's appeal to the Pennsylvania Commonwealth Court of the Old Forge Borough Council's decision on June 15, 2005 to suspend Plaintiff without pay or benefits

until he obtained a current Municipal Police Officers Education and Training Commission certification. (Doc. 159). On July 23, 2013, the Commonwealth Court issued its Opinion in the matter of *Keslosky v. Old Forge Civil Service Commission and Old Forge Borough*, 73 A.3d 665 (Pa. Commw. Ct. 2013), affirming the decision of the Court of Common Pleas of Lackawanna County, which had previously denied Plaintiff's Petition for Review of the Old Forge Civil Service Commission's decision affirming Plaintiff's suspension. (Doc. 157, Ex. 2; Doc. 160).

The above-captioned case was re-opened by this Court on October 8, 2013.

On April 29, 2014, the Pennsylvania Supreme Court denied Keslosky's Petition for Allowance of Appeal from the Order of the Commonwealth Court. (*See* Doc. 165).

### III. STATEMENT OF UNDISPUTED FACTS

MPOETC, an arm of the Pennsylvania State Police, is responsible for setting the minimum standards required of applicants to be police officers within the Commonwealth of Pennsylvania and certifying that an applicant has met them. 53 Pa. Cons. Stat. § 2164(8), (12). There are approximately 22,000 police officers in Pennsylvania, all of whom must be re-certified every two years at the same time and on the same schedule through MPOETC. (Doc. 102, ¶ 3). Police officers who are not MPOETC certified cannot enforce the crime code or carry a firearm. (*Id.* at ¶ 4). The MPOETC certification is due on June 30, and prior to this deadline, MPOETC sends out a newsletter to all police departments reminding them of the upcoming deadline and requesting MPOETC be notified which officers have not

completed CPR certification, first-aid certification, and weapons qualification within the last year. (*Id.* at ¶¶ 5-6). In addition to needing updates in CPR, first-aid, and weapons qualifications, police officers must attend 12 hours of classroom training, which is forwarded directly to MPOETC when the officer takes the course. (*Id.* at ¶ 8). Each police department completes the form identifying the officers who have the requisite CPR, weapons, and first aid training and returns it to MPOTEC. (*Id.* at ¶ 9). In response, MPOETC sends the police departments a letter stating which officers it believes have not completed the mandatory in-service classroom training and gives them a schedule of available make-up dates so that the police department can send the officers for classroom training prior to the June 30 re-certification date. (*Id.*). As long as the officer obtains the required certification to be MPOETC qualified, MPOETC is not concerned whether the officer schedules his or her training individually or whether it is scheduled by the police chief for the department. (Doc. 102, ¶ 10).

If a police officer is out for two years or more and has not met the MPOETC certification requirements, that officer's re-certification expires regardless of the reason for the absence. (Doc. 102, ¶ 11). Officers who are not certified because the certification has expired can attend MPOETC classes if the police department contacts MPOETC and gets a waiver, but such training will not be paid for by MPOETC and the longer the certification has been expired, the less likely that a waiver will be granted. (*Id.* at ¶ 12). If a police officer's department sends information to MPOETC which is inaccurate, the MPOETC records would

also reflect these inaccuracies. (*Id.* at ¶ 14).

In July 2001, MPOETC sent a letter to the Old Forge Borough saying that Keslosky did not have his certification renewed due to a failure to satisfy the re-certification requirements, including his first-aid, CPR, and weapons qualifications. (Doc. 102, ¶¶ 15-16).

Major Richard Mooney, executive director of MPOETC from 1993 through 2005, stated that he was not aware of the allegations that Old Forge Borough refused to allow Keslosky to go to training but that he was aware Plaintiff was out on some type of disability. (Doc. 102, ¶¶ 1, 17).

On August 10, 2004, Old Forge Mayor Anthony Torquato sent MPOETC a letter requesting guidance on Keslosky due to a psychiatric report saying that Keslosky had a paranoid personality disorder making him unsuitable for police work. (Doc. 102, ¶ 18). In his letter, Torquato included the following quote from a report by Dr. Wolfgaang Rieger, MD: "When I examined Mr. Keslosky he was not disabled from a psychiatric point of view. However, he should not return to any type of police work because his underlying paranoid personality disorder makes him unsuitable for such work." (Aug. 10, 2004 Letter from Torquato to Mooney, Doc. 102, Ex. B). Mooney responded to Torquato's letter on August 16, 2004, stating that Plaintiff's certification expired June 30, 1999, and providing a list of documents and examinations which the department must submit for Keslosky to be eligible for certification as a police officer. (Aug. 16, 2004 Letter from Mooney to Torquato, Doc. 102, Ex. C). The list provided by Mooney in the August 16, 2004, letter is the same as if an

officer is a new hire and needs initial certification. (Doc. 102, ¶ 20). After the two year period expires, a police officer seeking eligibility for certification is required to submit an application for certification packet consisting of a number of documents, including a "Psychological Examination Report" and a "Physical Examination Report." (*Id.*; Dep. of Major Mooney, Doc. 102, Ex. A, at 24-27, 56, 107-110).

On August 19, 2004, Torquato faxed a copy of Mooney's August 16, 2004 letter to William J. Rinaldi, Old Forge's counsel. (Doc. 102, ¶ 21). Keslosky was then notified of the requirements enumerated in Mooney's letter, on September 1, 2004. (Sept. 1, 2004 Letter from Old Forge to Keslosky, Doc. 105, Ex. 26). In response, Keslosky's attorney, Scott Schermerhorn, sent the Borough a letter stating that Keslosky "will not submit to the physical and psychological examinations . . . Further, he will not submit to all other requests as they are simply not required by law" and that "all other items that you require are illegal, and constitute a continuing pattern of discrimination against [Keslosky] by the Borough of Old Forge." (Sept. 10, 2004 Letter from Schermerhorn to Old Forge, Doc. 105, Ex. 27).

On February 16, 2005, Lawrence Semenza, as Officer in Charge of the Old Forge Police Department, wrote to Mooney asking him to reaffirm the contents of Mooney's August 16, 2004 correspondence to Torquato. (Feb. 16, 2005 Letter from Semenza to Mooney, Doc. 102, Ex. E). Mooney responded to the letter, "confirm[ing] and restat[ing] the requirements outlined to Mayor Anthony Torquato in 2004 in regard to certification of Michael B. Keslosky III" and stating again that Keslosky's certification expired June 30,

1999. (Feb. 22, 2005 Letter from Mooney to Semenza, Doc. 102, Ex. F). Mooney also sent a follow-up letter to Semenza on February 24, 2005, saying officers who are not currently certified are "not eligible to attend Commission sponsored mandatory in-service training" and that such a provision does not exist for training not sponsored by the Commission. (Feb. 24, 2005 Letter from Mooney to Semenza, Doc. 102, Ex. G; Doc. 102, ¶ 24).

On April 15, 2005, Keslosky's counsel sent MPOETC a letter saying that Keslosky's updates were current through June 30, 2001, and requesting that MPOETC correct their records in this respect. (April 15, 2005 Letter from Schermerhorn to MPOETC, Doc. 102, Ex. H; Doc. 102, ¶ 25). In response, Major Gallaher, new Executive Director of MPOETC, wrote to Schermerhorn that MPOETC records showed that Keslosky lacked nine hours of mandatory in-service training hours for 1998, and that the Old Forge Borough Police Department had not sent information indicating that Plaintiff had maintained certification on his First Aid, CPR, and weapons qualification. (April 25, 2005 Letter from Gallaher to Schermerhorn, Doc. 102, Ex. I).

Purportedly as a result of Keslosky's non-compliance with the requirements set forth in the September 1, 2004 letter, on February 16, 2005, Old Forge sent Keslosky a letter "serv[ing] as . . . [his] written notice of the charges made against [him] for [his] removal as a Police Officer from the Old Forge Borough Police Department." (Letter of Removal from the Old Forge Police Force, Doc. 105, Ex. 53). On June 15, 2005, Old Forge suspended Keslosky "without pay and benefits, effective immediately until such time as he complies

with the provisions of the Municipal Police Officers' Education and Training Law, Act 120 of 1974, to meet the certification requirements in order to obtain a current certification from the Municipal Police Officer's Education and Training Commission." (Notes of Special Meeting of June 15, 2005, Doc. 105, Ex. 54). Keslosky appealed this decision to the Civil Service Commission, which affirmed Plaintiff's suspension due to his failure to obtain an updated MPOETC certification. (Doc. 157, Ex. 2). Keslosky subsequently appealed to the Court of Common Pleas of Lackawanna County.

On July 11, 2012, Judge Peter O'Brien of the Court of Common Pleas denied Plaintiff's Petition for Review of the Old Forge Civil Service Commission's decision affirming Plaintiff's suspension from the Old Forge Police Department. (*Id.*). In his opinion, Judge O'Brien held that he was "persuaded that the Commission's adjudications should be upheld because they are supported by the substantial evidence." (*Id.* at 5). Among the substantial evidence he cited was correspondence from Major Mooney, stating that Plaintiff's "certification expired on June 30, 1999 for failure to comply with the mandatory in-service requirements." Citing to 37 Pa. Code § 203.13(c)(1), Judge O'Brien concluded that Plaintiff's "MPOETC certification expired due [to] his failure to complete the in-service training requirements, thus precluding him from obtaining a renewal certificate." (*Id.*). Therefore, "the only avenue available to [Plaintiff] since he cannot obtain a renewal certificate is to begin the certification process anew, which is exactly what MPOETC has suggested from the outset." (*Id.*).

Keslosky appealed Judge O'Brien's decision to the Commonwealth Court, arguing that the trial court erred in upholding his suspension. *Keslosky v. Old Forge Civil Service Commission and Old Forge Borough*, 73 A.3d 665, 670 (Pa. Commw. Ct. 2013). The Commonwealth Court found that "Keslosky's appellate argument rests upon the date of his certification expiration" and that despite Keslosky's contention that his certification expired in 2001, "substantial evidence supports the finding that Keslosky's police officer certification expired in 1999." *Id.* at 670-671. Therefore, "when Keslosky's certification expired on June 30, 1999, he had a two-year grace period for getting re-certified." *Id.* at 671.

### IV. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. Rather, the opposing party must point to a factual dispute requiring trial and the district court "may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030-1031 (9th Cir. 2001); see also *Forsyth v. Barr*, 19 F.3d 1527 1527, 1537 (5th Cir. 1994). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912, 113 S.Ct. 1262, 122 L Ed.2d 659 (1993).

## V. ANALYSIS

In a separate opinion, we have entered summary judgment on all claims against the Old Forge Borough, except certain claims under the Uniformed Services Employment & Reemployment Rights of Members and the Pennsylvania Department of Military and Veterans Affairs Act, and have entered summary judgment against all other defendants within the Old Forge Defendants' group on all claims by Plaintiff Keslosky. In Old Forge Borough's cross-

claim against MPOETC, it asserted that MPOETC would be liable to the Borough if Plaintiff's claims against the Borough were sustained and if such claims implicated an error by MPOETC in its determination that Plaintiff Keslosky's police officer certification had expired in 1999 and that the two-year period within which Plaintiff Keslosky could regain certification without completing the certification process as a new hire ended in June, 2001. In our opinion entering summary judgment in favor of Old Forge Defendants, we determined that the issue of when Keslosky's certification expired as well as when his two-year period for renewing his certification ended were determined by state court proceedings initiated by Keslosky before the Old Forge Civil Service Commission whose findings were thereafter affirmed by the Court of Common Pleas of Lackawanna County and, on appeal from that court's ruling, by the Commonwealth Court of Pennsylvania. (*See*, Ct. of Common Pleas of Lackawanna County Memorandum & Order, July 11, 2012, Doc. 157, Ex. 2; *Keslosky v. Old Forge Civil Service Commission and Old Forge Borough*, 73 A.3d 665 (Pa. Commw. Ct. 2013)). The proceedings in that state court litigation fully and finally determined that, as a matter of law, Plaintiff Keslosky's certification as a police officer expired June 30, 1999, and that Keslosky undertook no action to regain his certification in the two-year period thereafter, thus preventing him from returning to work as a police officer until such time that he completed the full certification process required by MPOETC. Specifically, the Commonwealth Court found that:

> When Keslosky's certification expired on June 30, 1999, he had a two-year grace period for getting re-certified. During this period, Keslosky had left work

> and the parties were in litigation over Keslosky's psychological injury claim. Keslosky's requests to have the Borough schedule him for training were made after June 30, 2001, and are irrelevant. . . .
>
> The Police Commission is the agency in charge of police officer certification matters in Pennsylvania. It was the Police Commission, not the Borough, that determined that Keslosky's certification had expired in 1999 and that he had to undergo the re-certification process. Keslosky can fix this problem. He can seek re-certification. He also could have challenged the Police Commission's determination that he needed re-certification, but he did not.

*Keslosky*, 73 A.3d at 671-672. The Commonwealth Court's affirmance of the lower court and Old Forge Civil Service Commission's determination on this matter expressly confirms the correctness of MPOETC's determination as to the expiration of Keslosky's certification as of June, 1999, as well as the failure of Keslosky within the ensuing two-year period to regain certification.

Further, the Commonwealth Court's ruling leaves no question that MPOETC's actions were entirely in accordance with the statutory authority granted to it under 53 Pa. Cons. Stat. § 2161, *et seq.*, and that MPOETC's actions and communications on this matter were entirely proper and in fulfillment of its obligations to determine the certification status of police officers such as Keslosky. As MPOETC correctly notes in its brief in support of summary judgment, "[n]obody contests, or suggests, that MPOETC's requirement that an individual whose certification has lapsed beyond two years must be treated as a new certification for training purposes is unconstitutional, violates any substantive or procedural rights, or is improper in any manner." (Doc. 103, at 10-11).

12

Moreover, there is no dispute of material fact that MPOETC engaged in any wrongdoing of any nature in connection with Keslosky, and specifically in connection with its communication with Old Forge Borough attesting to the expiration of Keslosky's certification as of June 30, 1999. We note that Plaintiff Keslosky himself raises no claim of wrongdoing against MPOETC and concurred in MPOETC's present motion for summary judgment, and it is only the Borough's cross-claim that put MPOETC's actions at issue. (Pl. Keslosky's Br. in Resp. to Third Party Def.'s Mot. for Summ. J., Doc. 130).

With respect the surviving claims under USERRA and PMAA against the Borough of Old Forge, preliminarily, we note that, on the record, MPOETC is not an "employer" of Plaintiff as defined under 38 U.S.C. § 4303(4)(A).[2] Second, the USERRA and PMAA claims that survive against the Borough are claims to be tried as to whether Old Forge should have re-instated Keslosky upon his return from military service in a job other than a police officer, clearly making MPOETC certification irrelevant to that determination. On the additional question of whether Keslosky was discriminated against based on his military service under 38 U.S.C. § 4311, that issue survives summary judgment only because the Borough of Old Forge, through its then-mayor Torquato, issued correspondence questioning whether Keslosky's discharge from service was honorable and whether Keslosky suffered from a

---

[2] Under USERRA:
the term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including --
(i) a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities. . .
38 U.S.C. § 4303(4)(A).

13

service connected disability. These issues, again, do not relate to MPOETC and its certification process.

Therefore, having found that the Old Forge Defendants are entitled to the entry of summary judgment in their favor with respect to Plaintiff Keslosky's claims, other than Keslosky's claims under USERRA and PMAA, which survive summary judgment as to the Borough of Old Forge only, we find that summary judgment should likewise be entered in favor of MPOETC for the reasons stated above.

## VI. CONCLUSION

For all of the foregoing reasons, the Court will grant MPOETC's motion for summary judgment (Doc. 101). A separate Order follows.

Robert D. Mariani
United States District Judge