# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KESLOSKY, | : |
| | : |
| **Plaintiff** | : |
| | : **3:08-CV-1240** |
| v. | : **(JUDGE MARIANI)** |
| | : |
| BOROUGH OF OLD FORGE, | : |
| | : |
| **Defendant** | : |

## MEMORANDUM OPINION

Presently before the Court is Defendant Borough of Old Forge's Motions in Limine (Doc. 176). In relevant part, as both parties are well-aware, the Court previously ruled in its Memorandum Opinion (Doc. 167) granting in part and denying in part Defendant Old Forge's motion for summary judgment that Plaintiff Michael Keslosky's Municipal Police Officers' Education & Training Commission ("MPOETC") certification expired in June of 1999, that he refused to take such steps as were necessary to regain this certification, and that absent this certification, the Borough was legally prohibited from reinstating Plaintiff as a police officer or paying him a salary as a police officer.

Based in large part on these facts, Defendant's motions in limine now request that the Court preclude (1) testimony relating to the settlement of the 1993 civil action of *Keslosky v. Old Forge Borough, et al.* (3:93-cv-1751); and (2) evidence regarding any lost

wages after September 10, 2004.[1]  (Doc. 176, ¶¶ 1, 2).  For the reasons discussed below, the Court will (1) defer ruling on the first motion pending a hearing and (2) grant in part and deny in part Defendant's second motion.

### A. Testimony Regarding the Settlement of Civil Action 3:93-cv-1751

Defendant moves for the preclusion of any testimony regarding a 1997 settlement of a lawsuit originally brought by Plaintiff Keslosky against the Borough of Old Forge, among others, in 1993.  Inclusive in this motion appears to be a request to preclude testimony regarding what type of work Keslosky was allowed to do upon his return to work with the Borough in September, 1997.  Defendant argues that testimony regarding the settlement itself is "irrelevant to the issues at trial [and] likely to be both prejudicial and confusing" (Doc. 177, at 3), presumably on the basis that the prior case arose out of a different set of facts and circumstances, and that evidence as to what type of work Keslosky was allowed to perform upon his return as a result of the settlement is irrelevant because he was purportedly MPOETC certified by September of 1997, whereas it is undisputed that Keslosky was not MPOETC certified in December, 2003, when the Borough voted to reinstate him or in August, 2004, when Keslosky requested that the Borough allow him to return to work following his return from service in the armed forces.  In turn, Plaintiff argues that "Defendant, faced with the exact same issue in 1997, permitted the Plaintiff to return to

---

[1] Defendant's Motions in Limine also request that the Court preclude testimony regarding the criminal convictions of Lawrence Semenza and James Krenitsky.  (Doc. 176, ¶ 3).  Because Plaintiff "does not oppose a preclusion of [this] testimony" (Doc. 178, ¶ 3), the Court will grant Defendant's motion on this issue and need not address it further.

2

a [*sic*] desk duty and obtain his updates and training for MPOETC certification" (Doc. 179, at

2) and further disputes Defendant's contention that Keslosky had his MPOETC certification

in September, 1997, when he returned to work.

Specifically, Defendant bases its request that the Court preclude testimony regarding

the settlement in 1997 between Keslosky and the Old Forge Borough for two reasons:

> First, it appears that the testimony to be offered by Mr. Keslosly [*sic*] is
> different than the public record of the Middle District, as Mr. Keslosky was
> certified in September 1997 when he returned to work for the Borough.
> Secondly, the statutory requirements applicable to Old Forge Borough were
> firmly established by 2003 and specifically precluded the Borough from either
> employing or compensating Mr. Keslosky as a police officer absent MPOETC
> certification. As a matter of law, the issues regarding Mr. Keslosky's MPOETC
> certification have been fully adjudicated. Testimony regarding the 1997
> settlement is therefore both irrelevant to the issues at trial, are likely to be
> both prejudicial and confusing.

(Doc. 177, at 3).[2]

Preliminarily, the Court notes that neither party has submitted a copy of the executed

settlement agreement, rendering it exceedingly difficult for the Court to determine the

relevance of that settlement and the facts and circumstances surrounding that case and the

terms of the settlement agreement. While Defendant argues that the issues in that case are

unrelated and inapposite to the issues currently before the Court, Plaintiff disputes this

contention. But the Court is not in a position to determine the relevancy of the settlement in

---

[2] With respect to Defendant's argument that the testimony of Keslosky at trial may be different from
the public record of the prior case, the Court cannot predict the content of Keslosky's testimony. Should
the Court allow Plaintiff to testify as to the settlement agreement and Plaintiff offers testimony contrary to
the public record of the Middle District, Defendant would be at liberty to attempt to impeach him on cross-
examination.

3

the prior case absent a copy of the parties' agreement. Therefore, the Court will order that Defendant file a copy of the 1997 settlement agreement no less than one week prior to the first day of trial. The issue of the settlement's relevancy will then be the subject of an evidentiary hearing to be held prior to opening statements at trial.[3] Furthermore, should the Court determine that the settlement agreement is relevant to the current action, the parties should be prepared to argue whether the probative value of this evidence "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" pursuant to Fed. R. Evid. 403, as well as the effect of any other rule of evidence that one or both parties may deem applicable.

Pending a determination of the settlement's relevancy and probative value, the Court is equally unable to rule on whether any evidence or testimony as to the duties that Plaintiff was allowed to perform upon his return to work with the Borough in September, 1997, will be allowed. However, as way of background, we note that on June 3, 1997, following oral argument on the issue, District Court Judge Thomas Vanaskie issued an Order granting the Defendants' Motion for Enforcement of Settlement Agreement upon satisfaction of two conditions, one of which was that Keslosky be provided with a police identification card consistent with the terms of the settlement agreement. (Doc. 177-1). It is undisputed that

---

[3] At the pre-trial conference held on August, 24, 2015, the parties were informed that the Court would hold a hearing on Defendant's motion in limine to preclude testimony as to the 1997 settlement agreement. Upon the request of both parties, the Court agreed to hold the hearing prior to opening statements being heard by the jury.

4

Keslosky then returned to work in September, 1997. Old Forge has now provided the Court with documentation demonstrating that Keslosky was certified by MPOETC as of February 25, 1997. A review of the limited transcript of the proceedings before Judge Vanaskie submitted by Plaintiff in his brief in opposition to summary judgment reveal that, according to Keslosky himself, "two different people at the training headquarters . . . assured [him] that the ID card was in the roster sheet and they were in the process of being sent out." (Hearing on Mot. to Compel, June 3, 1997, Doc. 143-1, at 96). This testimony, in conjunction with Defendant's submission of Keslosky's MPOETC card indicating that he was certified as of late-February, 1997, seemingly demonstrate that while Keslosky may not have had actual possession of the ID card, he appears to have been MPOETC certified in September, 1997 when he returned to work. Plaintiff's assertion that he "return[ed] to a desk job with the Defendant while his certification issues were addressed by MPOETC, such as obtaining updates and training missed for 7 years" (Doc. 179, at 1) does not change the fact that he did apparently have a MPOETC certification while performing these desk duties.

A major issue in the present case is whether, in light of the fact that Keslosky was not MPOETC certified in 2003 or 2004 and refused to take the steps enumerated by the Borough to obtain this certification, the Borough should, or could, have put him in another job. Therefore, if Defendant can establish that, despite any training or update issues, Plaintiff did have a MPOETC certification at the time he returned to work for the Borough in

1997, the fact that Keslosky had been allowed to perform desk duties at that time would be irrelevant to a determination of the current triable issue of fact where Keslosky was not MPOETC certified.

Nonetheless, because the issue of whether Keslosky was in fact MPOETC certified at the time of his return to work in September, 1997, was not specifically addressed at summary judgment and Plaintiff has not had an opportunity to present evidence to the contrary, the issue of whether Keslosky was MPOETC certified as of September 1, 1997 will also be addressed at the hearing to be held prior to opening statements at trial. Plaintiff must therefore be prepared to present evidence at the hearing demonstrating the factual similarities between the events which occurred as a result of the settlement in 1997 and those at issue here, key among them that Keslosky was not MPOETC certified at the time of his return in September, 1997, just as he was not in December of 2003 or August of 2004.

The Court will thus defer ruling on Defendant's motion to preclude testimony regarding the settlement of the prior civil case pending a hearing on the aforementioned issues. Should it be determined that the settlement agreement is not relevant, that Fed. R. Evid. 403 would necessitate its preclusion, or that Keslosky was MPOETC certified at the time of his return to work in September of 1997, then Defendant's motion to preclude this evidence and testimony will be granted.

## B. Evidence Regarding Lost Wages After September 10, 2004

Defendant's second motion argues that Plaintiff should be precluded "from offering

any claim for lost wages subsequent to September 10, 2004"[4]. Defendant puts forth two

arguments in support of this motion:

> [F]irst, Plaintiff's refusal to submit to legally mandated testing for his job, as a
> matter of law established a hardship for the Borough under USERRA which
> precludes any claim after that date. Further, Plaintiff's refusal to submit to
> testing which was required under Pennsylvania law and upheld by the
> Commonwealth Court in this case constituted misconduct which precluded his
> employment after September 10, 2004. Under either scenario, there is no
> basis for the Plaintiff to be able to introduce evidence at trial regarding any
> damages after September 10, 2004 given his own conduct and the findings of
> the Commonwealth Court.

(Doc. 177, at 6).

Defendant's arguments are largely an attempt to resolve the action through this

motion in limine and invade the fact-finder's authority. Whether "Plaintiff's refusal to submit

to legally mandated testing for his job" established a hardship for the Borough under 38

U.S.C. § 4312(d)(1)(B) is a question to be determined by the jury and not by the Court prior

to the commencement of trial. Further, a key issue for trial is whether Keslosky's alleged

"misconduct" precluded his employment in general. Defendant is correct that Keslosky was

precluded from working as a police officer, but it remains an issue for the trier of fact

whether his actions entirely precluded him from being employed by the Borough or whether

another job was available to him.

---

[4] On September 10, 2004, Plaintiff's attorney wrote to the Borough advising it that Plaintiff would
not submit to the requirements for MPOETC certification.

7

Because Keslosky could not have been employed as a police officer in 2003 or 2004 absent his MPOETC certification, the requirements for which he refused to meet, the Borough could not legally have paid him a police officer's salary at any time following his reinstatement in December, 2003, including during the time-frame from when he notified the Borough of his return from the armed forces in August of 2004 and his counsel's letter notifying the Borough that Keslosky would not comply with the MPOETC certification requirements enumerated for him by the Borough in September of 2004. Thus, evidence to support a claim of lost wages which would have derived from work as a police officer will not be admitted because it has been conclusively determined that at no time after June, 1999, did Keslosky have MPOETC certification and under the Officer Training Law, a municipality is prohibited from paying a salary to a police officer unless the officer is "duly certified." 53 Pa.C.S. § 2167(b). The Borough would thus have been precluded from paying Keslosky as a police officer for duties performed in that capacity.

However, Plaintiff may make a claim for lost wages as of August 1, 2004, the date of his request to return to work upon completion of his military service,[5] for any non-police officer position as to which he can establish he was qualified to perform in accordance with 38 U.S.C. § 4313(a)(4).

---

[5] Section 4313 of USERRA requires that a person entitled to reemployment under § 4312 "shall be promptly reemployed". 38 U.S.C. § 4313(a). Prompt reemployment "means as soon as practicable under the circumstances of each case. Absent unusual circumstances, reemployment must occur within two weeks of the employee's application for reemployment." 20 C.F.R. § 1002.181. Thus, although the Court will allow Plaintiff to present evidence of lost wages as of August 1, 2004, Defendant may attempt to challenge Plaintiff's claims by presenting evidence of "unusual circumstances" and/or alternate starting dates which a jury may find constitute "prompt" reemployment.

8

Defendant's motion in limine to preclude evidence regarding lost wages after

September 10, 2004, will therefore be granted in part and denied in part.

## C. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Defendant's

Motions in Limine (Doc. 176). A separate Order follows.

Robert D. Mariani
United States District Judge